IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

  **v.**                                    CRIMINAL NO. 1:18-CR-47-10
                                                        (KLEEH)

**BRANDON MAYS,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR COMPASSIONATE RELEASE [ECF NO. 640]

Pending before the Court is Defendant's pro se motion for compassionate release. For the reasons discussed herein, the Court **DENIES** the motion.

### I. BACKGROUND AND PROCEDURAL HISTORY

Defendant Brandon Mays ("Defendant") is incarcerated at FCI Allenwood Medium with a projected release date of February 3, 2024.[1] On March 22, 2019, Defendant pleaded guilty to Aiding and Abetting Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2 [ECF No. 383]. On August 28, 2019, the Court sentenced Defendant to 60 months of incarceration followed by 3 years of supervised release [ECF No. 541]. This was a significant downward variance. Defendant's custody range under the United States

---

[1] https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results.

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR COMPASSIONATE RELEASE [ECF NO. 640]**

Sentencing Guidelines called for 108 to 135 months of incarceration. The Court varied downward due to Defendant's mental and emotional condition and his military service. Specifically, the Court considered Defendant's post-traumatic stress disorder ("PTSD") related to his military service, the substance abuse that stemmed therefrom, and his successful post-arrest drug abuse treatment.

On July 28, 2020, Defendant filed a pro se motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) [ECF No. 640]. He filed a number of supplements to and letters regarding the motion [ECF Nos. 641, 662, 680, 683]. Defendant also filed a pro se motion requesting a copy of his statement of reasons or an explanation as to why it is sealed [ECF No. 690]. He then filed a motion for an expedited ruling [ECF No. 693]. Despite multiple orders directing the Government to respond to the motion, the Government did not file a response to Defendant's motion for compassionate release.

## II.   DEFENDANT'S ARGUMENTS

Defendant's motion for early release is based on the COVID-19 pandemic. Defendant discusses some of his personal history, describing how his military service left him with PTSD and then led to substance abuse. After Defendant was indicted in this case, he participated in a lot of therapy. Defendant argues that the

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR COMPASSIONATE RELEASE [ECF NO. 640]**

Court has already found that he is not a danger to the public.

Defendant argues that if he contracts COVID-19, he is at increased risk of serious illness or death due to his PTSD, hypothyroidism, and liver damage. Defendant argues that he has been on good conduct in prison, completed courses, and received good work reports. He cites a need for additional drug treatment.

When the motion was filed, Defendant had been on lockdown for four months. He complains of the food provided at the prison, lack of opportunities to exercise, and the prison's failure to implement COVID-19 protocols including social distancing. He attaches a reentry plan and the BOP's response to his request for compassionate release (a denial from the Warden). Defendant argues that the 18 U.S.C. § 3553(a) factors weigh in favor of his release. He cites his lifetime of lawful conduct and his behavior since his arrest in this case. He states that he wants to build on his recent growth and sobriety.

In a supplement received on August 5, 2020, Defendant attaches a letter regarding a liver ultrasound. In another supplement received on October 14, 2020, Defendant provides an update on COVID-19 procedures at the prison, discusses problems with receiving mail at the prison, and cites a case from the United States District Court for the Southern District of New York in which an inmate requested and received compassionate release due

to his PTSD. Defendant states that his mental health condition is deteriorating due to lockdown conditions and other stressors related to COVID-19. He attaches letters from the BOP containing COVID-19 updates about positive cases, modified operations, etc. He also attaches a declaration from a fellow inmate who considers himself a lay expert on PTSD. The inmate writes that Defendant's mental health has been deteriorating.

Finally, in his motion for an expedited ruling, Defendant states that COVID-19 conditions have triggered his PTSD and that he had previously complied on bond. Defendant attaches a letter from the Attorney General regarding the increased use of home confinement during COVID-19.

### III. DISCUSSION

The district court is authorized to reduce a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. § 3582(c)(1)(A)(i). Upon receiving a motion for compassionate release, the district court

> may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Id. Prior to the First Step Act of 2018 (the "First Step Act"),

"district courts could only reduce a term of imprisonment under § 3582(c)(1)(A) 'upon motion of the Director of the Bureau of Prisons.'" United States v. Kibble, 992 F.3d 326, 329-30 (4th Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A) (2002)). In the First Step Act, Congress allowed federal inmates to file motions for compassionate release directly with the district court after they have exhausted their administrative remedies.[2]  See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018). Defendant filed a motion pro se. The BOP has not filed a motion on his behalf. For the reasons discussed herein, he has not shown that extraordinary and compelling circumstances exist, and the 18 U.S.C. § 3553(a) factors weigh against his release.

    **A.   Extraordinary and Compelling Circumstances**

As discussed above, 18 U.S.C. § 3582(c)(1)(A) requires that a reduction in sentence be consistent with the applicable policy statement issued by the Sentencing Commission. However, the Fourth Circuit has noted that USSG § 1B1.13 is the "[t]he only policy

---

[2] A defendant filing a motion for compassionate release must have "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf," or there must be a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). The exhaustion requirement is non-jurisdictional "and thus waived if it is not timely raised." United States v. Muhammad, 16 F.4th 126, 129-30 (4th Cir. 2021) (citation omitted) (finding the district court in error by sua sponte dismissing a motion for compassionate release based on the threshold requirement). The Government has not raised the issue of exhaustion, so the Court will not address it.

statement that possibly could be 'applicable'" to a motion for compassionate release, and it was adopted prior to the passage of the First Step Act. United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020). As such, "[t]here is as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are 'empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'" Id. at 284 (citation omitted).

"[W]here the Commission fails to act, then courts make their own independent determinations of what constitutes an extraordinary and compelling reason[] under § 3582(c)(1)(A), as consistent with the statutory language, which directly instructs courts to find that extraordinary circumstances exist." Id. (citations and quotation marks omitted). The Fourth Circuit has recognized the complicated nature of determining what circumstances constitute extraordinary and compelling, along with the balancing act undertaken by the district court:

> The factors applicable to the determination of what circumstances can constitute an extraordinary and compelling reason for release from prison are complex and not easily summarized. When Congress authorized district courts, as a matter of discretion, to release an inmate from prison based on extraordinary and compelling reasons, it did so to introduce compassion as a factor in assessing ongoing

> terms of imprisonment, authorizing a district court to give greater weight to an inmate's personal circumstances — when sufficiently extraordinary and compelling — than to society's interests in the defendant's continued incarceration and the finality of judgments. Thus, motions for relief under § 3582(c)(1)(A)(i) ask courts to balance the severity of the inmate's personal circumstances, on the one hand, against the needs for incarceration, on the other.

United States v. Hargrove, 30 F.4th 189, 197 (4th Cir. 2022).

Even though there is no policy statement applicable to a defendant-filed motion for compassionate release, the Fourth Circuit has recognized that the Commission's guidance "remains helpful . . . even when motions are filed by defendants." McCoy, 981 F.3d at 282 n.7. The Commission set forth four categories of "extraordinary and compelling reasons" for sentence reduction in U.S.S.G. § 1B1.13. The first three relate to medical conditions, health and age, and family circumstances. See U.S.S.G. § 1B1.13 cmt. 1(A)-(C). The fourth is the "catch-all" category, which permits a reduction if "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the other three categories. See id. § 1B1.13 cmt. 1(D).

"[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and

professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). This remains true even if an inmate's facility experiences an outbreak of COVID-19. See United States v. Williams, 1:13-CR-370-4, 2020 WL 5097490, at *3 (M.D.N.C. Aug. 28, 2020) (collecting cases).

"In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." United States v. Smith, No. 21-6912, 2021 WL 5579187, at *1 (4th Cir. Nov. 30, 2021) (unpublished) (citation omitted). The Fourth Circuit has recognized that "COVID-19 raises medical issues in the prison context that are particularly serious — it is highly communicable; it is aggravated by certain other medical conditions; and it can be lethal." United States v. High, 997 F.3d 181, 185 (4th Cir. 2021). It has explicitly rejected applying a "bright-line rule based on CDC risk categories" when deciding whether a medical condition qualifies as extraordinary or compelling, but CDC risk factors may be considered. Hargrove, 30 F.4th at 192.

Here, the Court finds that Defendant has not made a showing of extraordinary and compelling circumstances. Defendant has made it clear that health risks associated with COVID-19, along with

the deterioration of his mental state in reaction to the pandemic, are the basis of his motion. The Court concedes that at least one or more of Defendant's illnesses could potentially put him at higher risk of serious illness or death should he contract COVID-19.[3] Defendant, however, has not shown that he is at a particularized risk of contracting the disease at FCI Allenwood Medium.

As of January 30, 2023, there are zero active inmate cases and zero active staff cases of COVID-19 at FCI Allenwood Medium.[4] Accordingly, Defendant's risk of exposure to COVID-19 at FCI Allenwood Medium is low and will continue to decline as even more staff and inmates are vaccinated and receive booster shots. The Court also finds that Defendant's mental health concerns do not constitute extraordinary and compelling reasons for release. The Court, therefore, concludes that Defendant has not established extraordinary and compelling reasons to reduce his sentence.

> **B.   Sentencing Factors Under 18 U.S.C. § 3553(a)**

Even if extraordinary and compelling circumstances existed, the 18 U.S.C. § 3553(a) sentencing factors weigh against

---

[3] See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited January 30, 2023). The CDC cites chronic liver disease as an illness that puts an individual at increased risk. Defendant has not stated that he suffers from chronic liver disease, but he states that he has liver damage.
[4] See https://www.bop.gov/coronavirus/ (last visited January 30, 2023).

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR COMPASSIONATE RELEASE [ECF NO. 640]**

Defendant's release. See High, 997 F.3d at 186 ("In any event, if a court finds that a defendant has demonstrated extraordinary and compelling reasons, it is still not required to grant the defendant's motion for a sentence reduction. Rather, it must 'consider[]' the § 3553(a) sentencing factors 'to the extent that they are applicable' in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment.").

Under 18 U.S.C. § 3553(a), the Court must impose a sentence "sufficient, but not greater than necessary" to satisfy the purposes of sentencing. The relevant considerations include the nature and circumstances of the offense, the defendant's history and characteristics, and whether the sentence imposed reflects the seriousness of the offense, promotes respect for the law, deters criminal conduct, and protects the public from future crime. After reviewing the sentencing factors under 18 U.S.C. § 3553(a), the Court finds that they do not support a reduction of Defendant's sentence to time served.

As discussed above, Defendant pleaded guilty to Aiding and Abetting Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2. Defendant's offense conduct was quite serious. His relevant conduct included between 50 grams and 150 grams of "Ice." This was coupled with the presence of a firearm. Defendant's criminal

history also includes convictions for reckless driving (twice), disorderly conduct, battery, escape or attempted escape, grand larceny, and joy riding.

As for Defendant's history and characteristics, the Court is sympathetic to the unique challenges posed to Defendant, given his mental state, his health conditions that could potentially put him at risk, and the unprecedented nature of COVID-19. The Court also agrees with Defendant that his performance on pretrial bond was commendable. However, these challenges, and his successful performance on bond, do not outweigh the other factors under 18 U.S.C. § 3553(a). The Court took Defendant's PTSD and bond performance into account when it originally sentenced him to a significantly lower period of custody than the Guidelines recommended.[5] The Court also recognizes and appreciates Defendant's efforts to maintain good conduct in prison and complete courses to better his future, but these do not outweigh the remaining § 3553(a) factors.

The Court finds that the remaining 18 U.S.C. § 3553(a) factors weigh against Defendant's early release. Releasing Defendant from prison early, especially given the significant downward variance already imposed, would not serve the statutory purposes of

---

[5] As discussed above, the Court sentenced Defendant to 60 months' incarceration when his Guideline range called for 108 to 135 months' incarceration.

11

sentencing. Specifically, releasing Defendant would not reflect the seriousness of the offense conduct, promote respect for the law, deter criminal conduct, or protect the public from future crime.

### IV.  REQUEST FOR STATEMENT OF REASONS

On April 16, 2021, Defendant filed a pro se request for his statement of reasons ("SOR") or an explanation as to why this statement of reasons is sealed. The Court notes that BOP Policy Statement 1351.05, Part Two, 12(a)(2)(d)(1) states, in pertinent part,

> For safety and security reasons, inmates are prohibited from obtaining or possessing photocopies of their PSRs, SORs, or other equivalent non-U.S. Code sentencing documents. Inmates violating this provision are subject to disciplinary action.
>
> . . .
>
> PSRs and SORs received by mail will be treated as contraband, and handled according to the Mail Management Manual.
>
> . . .
>
> Inmates needing a copy of their PSRs or SORs for filing as an attachment in a court case may obtain, complete, and submit to the court an Inmate Request for Certification or Judicial Notice of Pre-sentence Report and/or Statement of Reasons form (BP-S757.013).

Inasmuch as the BOP does not permit inmates to possess their SORs, and Defendant is not awaiting sentencing or involved in a pending

court case, the Court **DENIES** his motion for a copy of the SOR [ECF No. 690].

## V.    CONCLUSION

Defendant has failed to establish extraordinary and compelling circumstances, and the sentencing factors under 18 U.S.C. § 3553(a) weigh against his release. For the reasons discussed above, Defendant's motion for compassionate release is **DENIED** [ECF No. 640], and his motion for an expedited ruling is **DENIED AS MOOT** [ECF No. 693].

It is so **ORDERED**.

The Clerk is **DIRECTED** to transmit copies of this Memorandum Opinion and Order to counsel of record via email and to Defendant via certified mail, return receipt requested.

DATED: January 30, 2023

*Tom S Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA